# WADE *v.* FISHER.

---

Indians; Cancelation of Lease; Injunction; Notice.

1. The duty of canceling a lease of allotted Indian lands, in case of forfeiture, and of approving another lease, has been imposed by Congress upon the Secretary of the Interior; and his judgment cannot be controlled by injunction, in the absence of arbitrary conduct on his part. (Following *Fisher* v. *United States,* 37 App. D. C. 436; *United States ex rel. Ness* v. *Fisher,* 223 U. S. 683, 56 L. ed. 610, 32 Sup. Ct. Rep. 356, affirming 33 App. D. C. 302, and *United States ex rel. McKenzie* v. *Fisher, ante,* 7.)
2. Lessees of allotted Indian lands, who have had their day in court at every stage of the proceeding to cancel their lease, are not in a position to complain of the failure of the Secretary of the Interior to give notice of his intention to cancel the lease.

No. 2409. Submitted October 16, 1912. Decided November 4, 1912.

HEARING on appeal by the plaintiffs from a decree of the Supreme Court of the District of Columbia dismissing a bill to enjoin the cancelation of a lease. *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellants, James E. Wade, Michael Moore, and James Rourke, hereafter referred to as plaintiffs, filed a bill in equity in the supreme court of the District of Columbia to restrain defendant, the Secretary of the Interior, from canceling a lease to plaintiffs executed by one Annie King, a Creek Indian, and approved by the Secretary on August 18, 1908. The act of Congress of March 1, 1901 (31 Stat. at L. 861, chap. 676), provided for the allotment of lands to full blood Creek Indians. The land in question was allotted to Annie King in accordance with the provisions of the act. The act of Congress of April 26, 1906 (34 Stat. at L. 137, chap. 1876), provided for the final disposition of the affairs of the Five Civilized Tribes, and for other purposes. It also provided that, after the approval of said act, all leases and rental contracts, except those not exceeding one year for agricultural purposes for lands other than homesteads, of full blood allottees of the Creek tribe of Indians, must be in writing and subject to the approval of the Secretary of the Interior, and will be absolutely void and of no effect without such approval. It was under the provisions of this act that the contract in question was executed.

The bill avers that for the failure of plaintiffs to pay the royalty and rent due August 11, 1909, the Secretary asserts the right to cancel the lease. Before cancelation was threatened, plaintiff Wade, on behalf of himself and associates, on June 17, 1910, paid the rent to the United States Indian superintendent at Muskogee, Oklahoma, in which State the lands are situated. On June 23, 1910, Annie King executed a lease to a portion of the land to Charles E. Douglas and Frederick E. Storm, and on November 4th, following, leased the balance to one Eugene W. Gill.

It is averred that the Indian superintendent undertook, at the instance of Douglas and Storm and Gill, to pass upon the legal rights of these plaintiffs, and on November 28, 1910, reported to the Secretary that the lease to plaintiffs should be canceled because of the nonpayment of the rent and royalty on the date

it became due; that no notice of the violation of the terms of the lease has been given plaintiffs by the Secretary; that the Secretary "is wholly without any right or power whatever to cancel or forfeit said lease, or to declare the same null and void, until after he has given said notice to and served the same on said lessees, and until the expiration of thirty days from and after the giving and service of such notice;" that appeal was taken from the Indian superintendent through the regular channels to the Secretary, where the case is now pending; that unless he is enjoined and restrained he will direct a forfeiture and cancelation of the lease, and will approve the leases of Douglas and Storm and Gill.

Plaintiffs pray for an injunction restraining the Secretary from canceling their contract, and from approving the Douglas and Storm contract and the Gill contract; and for the further order commanding the Secretary to disapprove, cancel, and annul the Douglas and Storm and Gill leases.

The Secretary demurred generally to the bill. The court below sustained the demurrer, and from the decree thereon dismissing the bill this appeal was taken.

*Mr. John J. Hemphill* for the appellants.

*Mr. Charles W. Cobb,* Assistant Attorney General, *Mr. F. W. Clements,* First Assistant Attorney, and *Mr. C. Edward Wright,* Assistant Attorney, for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Counsel for appellants has proceeded in this case upon a false premise. The lease has been treated as one between individual parties with full power to act for themselves. The authorities cited in counsel's brief are directed to cases of that sort. If the parties have full power to act in the premises, then the lessor is confronted with two outstanding leases upon the same land, and the right of possession under the respective leaseholds would be a proper subject of litigation in the courts of Oklahoma, where

the land is situated. But that is not this case. Annie King acquired the land as her allottable portion of the land of the Creek Nation. Her title came to her, burdened with certain limitations imposed by Congress. Among others, she was authorized by secs. 19 and 20 of the act of 1906 to lease the land for oil and gas mining purposes, as was done in this instance, but this power is subject to the approval of the Secretary of the Interior. Without his approval to such a lease it is null and void.

The lease set forth in the bill provides that, unless at least one well is drilled upon the land within twelve months of the approval of the lease by the Secretary, the lease shall be null and void. It also provides for forfeiture for nonpayment of royalty and rent when the same shall become due. As to both of these conditions, plaintiffs failed. If the power to declare a forfeiture and execute a lease to others is vested solely in the allottee, then plaintiffs should have brought their action in the courts of Oklahoma. If, however, the power is vested in the Secretary to investigate through his Department, and, in case of forfeiture, cancel the lease and approve another, as it is averred he threatens to do, it would be the exercise of official discretion vested in him by Congress, as its agent, to supervise and control the leasing of allotted Indian lands. We think this duty is imposed upon the Secretary, and he can only be devested of it by Congress. His judgment in the approval or disapproval of a lease cannot be controlled by injunction. In the absence of arbitrary conduct on his part, it must be assumed that he is acting for the best interests of the Indian. It is the way provided by Congress for exercising in this particular the guardianship which the government has assumed for the protection of the Indian. The matter is one wholly within the official discretion of the Secretary; and, in the absence of evidence of its abuse, the courts will not, by extraordinary writ, interfere with its exercise. *Fisher* v. *United States,* 37 App. D. C. 436; *United States ex rel. Ness* v. *Fisher,* 223 U. S. 683, 56 L. ed. 610, 32 Sup. Ct. Rep. 356; *United States ex rel. McKenzie* v. *Fisher,* ante, 7.

It is contended by counsel for appellants that the action of the

Secretary is illegal in that he failed to give notice of his intention to cancel appellants' lease. It appears in the bill that a hearing was had before the Indian superintendent at Muskogee, Oklahoma, and that plaintiffs have prosecuted their appeal up through the various tribunals of the Department to the Secretary. They have by their own averment had their day in court at every stage of the proceeding, and are not in position to urge lack of notice.

The decree dismissing the bill is affirmed, with costs.

*Affirmed.*